UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:04-CR-48 |
| | § | |
| JOSE LUIS RESENDIS-GARCIA | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 20, 2005, alleging that defendant violated a special condition of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I.  The Original Conviction and Sentence

Defendant was sentenced on July 22, 2004, before The Honorable Marcia A. Crone, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of Transporting Illegal Aliens, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment

range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months.  Defendant was subsequently sentenced to 10 months imprisonment followed by 2 years supervised release subject to the standard conditions of release, plus special conditions to include alcohol aftercare; upon release from confinement, the defendant shall surrender to a duly authorized immigration official for deportation; and a $100 special assessment.

## II.  The Period of Supervision

On December 30, 2004, defendant completed his period of imprisonment and was deported to Mexico.  On April 3, 2005, he was arrested by the United States Border Patrol in Eagle Pass, Texas.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 20, 2005.  The petition alleges that defendant violated the following conditions of release:

> Special Condition:	Defendant shall, upon release from confinement, surrender to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. Section 1101, et seq.  If ordered deported, defendant shall comply with all conditions of supervised release.

As grounds, the petition alleges that defendant was deported by Immigration Naturalization Services on December 30, 2004.  On April 3, 2005, defendant was arrested by the United States Border Patrol in Eagle Pass, Texas, and charged with illegal reentry into the United States.

In addition, the court finds that defendant was subsequently sentenced to three years imprisonment on May 19, 2006, before The Honorable William Wayne Justice, U.S. District Judge of the Western District of Texas, after pleading guilty to the offense of illegal reentry into the United States.

### IV.  Proceedings

On August 7, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement that defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by illegally reentering the United States.  In exchange, the court would revoke defendant's supervised release and impose ten (10) months imprisonment with no supervised release thereafter.

Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by illegally reentering the United States.  The court announced that this violation is a Grade B violation, with policy guidelines suggesting 8 to 14 months imprisonment.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervision by illegally reentering the United States, defendant will be guilty of committing a Grade B violation.  U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade B violation, the court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of III, the guideline imprisonment range is 8 to 14 months.  Further, U.S.S.G. § 7B1.3(f) provides that any term of imprisonment imposed upon revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by illegally reentering the United States. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated a condition of supervised release in the manner alleged in the petition. Defendant's violations are Grade B violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by illegally reentering the United States. As such, incarceration appropriately addresses defendant's violation. In addition, since defendant was sentenced to three years imprisonment for illegally reentering the United States, his term of imprisonment for his violation of supervised release must be served consecutively with the federal sentence he is currently serving.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by illegally reentering the United States, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of ten (10) months to be served consecutively to any sentence of imprisonment that the defendant is currently serving with no supervised release thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __8__ day of August, 2006.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge